UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE RICHARDSON, | : |
| Petitioner, | : Civ. No. 18-13939 (RBK) |
| v. | : |
| DAVID ORTIZ, et al., | : **OPINION** |
| Respondents. | : |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner Maurice Richardson ("Petitioner"), an inmate incarcerated at FCI Fort Dix, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, purporting to challenge the results of a disciplinary hearing. Petitioner has also filed a motion for a preliminary injunction, seeking to enjoin Respondents from taking certain actions related to that hearing (ECF No. 2). The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[1] For the following reasons, the Court will deny the Petition and motion for preliminary injunction without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

I.  BACKGROUND

The Court will construe the allegations in the Petition as true for the purpose of this Opinion. This case arises from an incident on October 4, 2017, in which a corrections officer conducted a search of Petitioner's room and person. Upon completing the search, the officer found various medical supplies in Petitioner's locker.

---

[1] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, a court must dismiss the petition and direct the Clerk of Court to notify the petitioner.

1

For nearly five years prior, Petitioner worked as an orderly at the Prison's medical services department. Petitioner explained that he had the supplies because the medical staff provided him with excess supplies, so that he could respond more efficiently to biohazard cleanup requests. Nevertheless, the officer issued an incident report and charged Petitioner with possession of items that could be used as a weapon and possession "of anything not authorized for retention or receipt by the inmate." (ECF No. 1, at 6).

On October 16, 2017, Petitioner appeared before a disciplinary hearing officer ("DHO"), and after reviewing Petitioner's testimony and the evidence, the DHO dismissed all charges related to the October 4, 2017, incident report. (*Id*.).

A few days later, Petitioner learned that the health services administrator, Respondent Cassano, accused Petitioner of stealing the medical supplies. Officials then sanctioned Petitioner for stealing, "even though all charges related to the incident report on 10/4/2017 were dismissed" and even though Petitioner never received notice or a hearing as to that accusation. (*Id*. at 7). As a sanction, the officials terminated Petitioner's employment as an orderly. Petitioner does not allege that he received any other sanction.

On September 17, 2018, Petitioner filed the instant Petition requesting that the Court order a hearing on the stealing charge, the reversal of "any sanctions imposed," the expungement of any related records, and award him lost wages. (*Id*. at 12).

Additionally, on October 4, 2018, Petitioner filed a motion for a preliminary injunction, seeking to enjoin Respondents from initiating other unconstitutional disciplinary actions, committing further acts of assault, battery, intimidation, and harassment, or otherwise retaliate against Petitioner for engaging in the legal process. (ECF No. 2, at 1).

## II. DISCUSSION

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner, however, does not attack the duration of his incarceration, nor does he seek release from prison.

Instead, Petitioner challenges Respondents' decision to terminate his employment as an orderly with the prison's medical services department, *i.e.*, a condition of his confinement, without due process. More specifically, he alleges that he was terminated without a disciplinary hearing, did not receive any notice or an opportunity to contest the charge of stealing, and that in any event, the DHO dropped the other charges stemming from the October 4, 2017, incident report.

3

Nevertheless, because a finding in Petitioner's favor, such as ordering a new hearing, reinstating his employment, or awarding lost wages "would not alter his sentence or undo his conviction," he cannot proceed by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (explaining that courts should not engage in habeas corpus review of custody classification claims because they do not challenge the validity of a conviction or the length of one's confinement); *Turner v. Doe*, No. 15-5942, 2018 WL 2278096, at *4 (D.N.J. May 18, 2018) (concluding that prison employment and lost wages claims are not appropriate for habeas actions).

In turn, because Petitioner's condition of confinement claim is not cognizable in a habeas petition, *he can only proceed by way of a civil rights or declaratory judgment action*. *Leamer*, 288 F.3d at 542–43. Accordingly, the Court will deny Petitioner's § 2241 Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.[2]

For those same reasons,[3] the Court will deny Petitioner's motion for a preliminary injunction. Petitioner may bring such claims as a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Narcotics*, 403 U.S. 388 (1971), not as a supplement to a habeas petition under 28 U.S.C. § 2241. *See Woodruff v. Williamson*, 362 F. App'x 263, 266 (3d Cir. 2010); *Leamer*, 288 F.3d at 540–42; *Robinson v. Baltazar*, No. 17-0466, 2018 WL 5078299, at *5 (M.D.

---

[2] If, however, Respondents sanctioned Petitioner to a loss of good time credits, and Petitioner inadvertently omitted that information, the Court would permit Petitioner to submit an amended petition *solely* challenging the loss of good time credits.

[3] Because the Court finds that Petitioner has improperly filed his claims as a habeas petition, rather than a civil action, the Court would also deny the preliminary injunction for Petitioner's failure to demonstrate a likelihood of success on the merits. *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *7 (D.N.J. Oct. 18, 2018) (citing *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 197 (3d Cir. 2014)).

Pa. Oct. 18, 2018) (denying a request for preliminary injunction without prejudice to the filing of a properly filed *Bivens* action, because the injunction would not challenge petitioner's conviction or the fact or length of his sentence).

This Court will not, however, *sua sponte* recharacterize the Petition as a civil complaint, as there are meaningful differences between the filing of a habeas petition and a civil complaint. The filing fee for a habeas petition is $5.00, and inmates who receive *in forma pauperis* status do not have to pay the filing fee. *Dixon v. Zickefoose*, No. 12-2320, 2012 WL 4845661, at *2 n.1 (D.N.J. Oct. 10, 2012) (citing *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996)). In contrast, the filing fee for a civil complaint is $400.00, but inmates who proceed *in forma pauperis* are required to pay a $350.00 filing fee from their inmate accounts in automatically deducted monthly installments. *Id.* (citing 28 U.S.C. § 1915(b)). Additionally,

> if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.

*Id.* (citing 28 U.S.C. § 1915(g)). In light of these differences, the "Court will not *sua sponte* re-characterize this pleading as a civil complaint." *E.g. id.*; *Bourahima Quattara v. U.S. Citizenship & Immigration Servs.*, No. 12-0263, 2012 WL 395726, at *1 (D.N.J. Feb. 2, 2012); *see also Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (affirming District Court's determination not to re-characterize a § 2241 petition as civil complaint).

Here, Petitioner has only paid the $5.00 filing fee for a habeas petition. If Petitioner wishes to bring his claims as a civil complaint, he may file a complaint in a new docket number and either prepay the $400.00 filing fee or apply to proceed *in forma pauperis*.

## III. CONCLUSION

For the foregoing reasons, the Court will deny the § 2241 Petition and the motion for a preliminary injunction, without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in the appropriate court. An appropriate order follows.


Dated: May  6 , 2019
       s/Robert B. Kugler
       ROBERT B. KUGLER
       United States District Judge